IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2002

## STATE OF TENNESSEE v. WILLIAM C. SMITH

**Appeal from the Circuit Court for Sevier County**
**No. 7972     Rex Henry Ogle, Judge**

<hr>

**No. E2001-02339-CCA-R3-CD**
**August 28, 2002**

<hr>

The Defendant, William C. Smith, pled guilty to burglary, a class D felony, and theft under $500, a class A misdemeanor. Pursuant to the Defendant's plea agreement, he was sentenced as a Range I standard offender with the sentences to run concurrently. The parties left the length, method, and manner of service to the trial judge's discretion. After a sentencing hearing, the trial court sentenced the Defendant to four years in the Department of Correction for the burglary and a concurrent sentence of 11 months and 29 days at 75% for the misdemeanor theft. The Defendant now appeals as of right. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

James Greenlee, Sevierville, Tennessee, for the appellant, William C. Smith.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and Charles E. Atchley, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The trial court ordered that the Defendant serve an effective sentence of four years in confinement following his pleas of guilty to burglary and misdemeanor theft. The sole issue raised by the Defendant in this appeal as of right is whether the trial court erred by denying him some form of an alternative sentence. We conclude that it did not.

We note at the outset that "[f]or those defendants who plead guilty, the guilty plea hearing is the equivalent of trial, in that it allows the State the opportunity to present the facts underlying the offense." State v. Keen, 996 S.W.2d 842, 843 (Tenn. Crim. App. 1999) (quoting State v. Robert

Bryant Rhodes, No. 03C01-9405-CR-00174, 1995 Tenn. Crim. App. LEXIS 607, at *4 (Knoxville, July 20, 1995)). "For this reason, a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed as contemplated by Tennessee Code Annotated section 40-35-210." Keen, 996 S.W.2d at 844. It is the responsibility of the Appellant to provide this Court with an adequate record which conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues that form the basis of the appeal. See Tenn. R. App. P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983). The failure to do so results in a waiver of such issues and a presumption that the decision of the trial court was correct. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). In this case, the Defendant failed to provide this Court with a transcript of the guilty plea hearing or a recitation of any of the facts underlying the offenses to which he pled guilty. Only the most basic facts underlying the two convictions may be gleaned from the indictment. Therefore, we will proceed to review the Defendant's challenge of his sentence, though our efforts at a meaningful review have been frustrated by his failure to supply us with an adequate record.

The Sevier County Grand Jury returned a two-count indictment charging the Defendant with theft of property under $500, a class A misdemeanor, and burglary, a class D felony. In count one of the indictment, the Defendant was charged with stealing property valued under $500 from Outback Leather store between the months of July and September of 1999. In count two of the indictment, the Defendant was charged with the unauthorized entry of the Mountain Meadows Resort office with the intent to commit theft in February of 1999.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have

preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); State v. Lane, 3 S.W.3d 456, 462 (Tenn. 1999). Where a defendant is entitled to the statutory presumption of alternative sentencing, the State has the burden of overcoming the presumption with evidence to the contrary. See State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), overruled on other grounds, State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). Guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing can be found in Tennessee Code Annotated section 40-35-103(1), which sets forth the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

See Hooper, 29 S.W.3d at 5; State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. See id. § 40-35-103(5).

The presentence report reflects that, at the time of sentencing, the Defendant was thirty-four years old, married, and the step-father of two children. He stated that he graduated from high school in 1985 and received a bachelors degree from Auburn University in 1990. Although at the time of sentencing he was employed as an installer for a heat and air company, the presentence report shows that the Defendant misrepresented the length of his terms of employment for his two prior jobs as a server in restaurants. The Defendant has a lengthy history of drug and alcohol use. According to the report, he first began using alcohol and marijuana at the age of seventeen. Furthermore, he admitted to using marijuana and ecstasy while the present charges were pending. At the time of his interview for the presentence report, the Defendant was attending therapy for emotional problems as well as Narcotics Anonymous meetings. The Defendant's criminal history includes convictions for forgery and rape.

At the conclusion of the sentencing hearing, the trial court ordered that the Defendant serve his sentence in the Department of Correction. The judge based his decision on the Defendant's "prior record for Rape and another theft type offense." Furthermore, the Defendant failed to appear

at the original sentencing hearing, but the court did not place as much weight on that factor because it occurred shortly after his wife suffered a miscarriage. Nevertheless, by not appearing at the hearing, the Defendant "violated a term of [his] release into [the] community." Finally, the trial court gave consideration to "the fact that [he] did use drugs while [he was] out on release in [the] community and involved [him]self in other illegal activity."[1]

A criminal defendant challenging a trial court's sentencing decision has the burden of establishing that his or her sentence is improper. See Tenn. Code. Ann. § 40-35-401, Sentencing Commission Comments; see also Ashby, 823 S.W.2d at 169. The Defendant has not met his burden in this case. The proof adduced at the sentencing hearing established that the Defendant has prior convictions for rape and forgery, he failed to appear at the original sentencing hearing, and he has engaged in additional criminal conduct, the use of illegal drugs, while the instant charges were pending. Taken in the aggregate, these circumstances are sufficient to justify the trial court's denial of alternative sentencing.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

---

[1]The Defendant was arrested for joyriding and criminal trespass while on bond for the instant offenses, but both charges were subsequently dismissed.